IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OR ARKANSAS
HARRISON DIVISION

BRADLEY J. SWENSON                                                                                  PLAINTIFF

             v.                              CIVIL NO. 12-3021

MICHAEL J. ASTRUE[1], Commissioner
Social Security Administration                                                                  DEFENDANT

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, Bradley J. Swenson, brings this action pursuant to 42 U.S.C. § 405(g) seeking judicial review of a decision of the Commissioner of Social Security (Commissioner) finding he is no longer entitled to disability benefits under the provisions of Titles II and XVI of the Social Security Act as of May 1, 2009, due to medical improvement.[2]

**I.     Procedural Background:**

Plaintiff filed applications for DIB and SSI benefits on December 13, 2004, alleging an inability to work since July 10, 2004, and April 26, 2003, respectively, due to a medial malleolar fracture complicated by nonunion. (Tr. 76, 143). By a written decision of an ALJ dated January 24, 2005, Plaintiff was found to be disabled and entitled to benefits starting on July 11, 2004.

---

[1] Carolyn Colvin became the Acting Social Security Commissioner on February 14, 2013. Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Carolyn Colvin has been substituted for Commissioner Michael J. Astrue as the Defendant in this suit.

[2] The Court notes that the ALJ's decision indicated that Plaintiff had benefits under both Title II and Title XVI. (Tr. 12). Forms completed by Plaintiff, as well as other administrative paperwork, appear to indicate that Plaintiff was a Title XVI recipient only. (Tr. 340, 444).

(Tr. 12). At that time, Plaintiff had a non-union of a right ankle medial malleolar fracture that was found to meet Listing 1.06A and 1.06B.[3]

A continuing disability review was initiated. A determination was made that Plaintiff's disability had ceased as of May 1, 2009, and that his entitlement to DIB and SSI would end as of July 1, 2009. (Tr. 60).

Plaintiff filed a request for reconsideration. (Tr. 106). In a written decision dated September 13, 2010, a disability hearing officer (DHO) determined that due to a medical improvement, Plaintiff was no longer disabled and that he was able to perform sedentary unskilled work. (Tr. 74-83). Plaintiff requested a hearing before an ALJ, which was held on May 25, 2011. (Tr. 34-58). Plaintiff appeared with counsel and testified.

In a written decision dated June 22, 2011, the ALJ found Plaintiff had experienced a medical improvement related to his ability to work on May 1, 2009. (Tr. 16-17). The ALJ found that as of May 1, 2009, Plaintiff had an impairment or combination of impairments that were severe. (Tr. 14). Specifically, the ALJ found Plaintiff had the following severe impairments: residual effects of a remote right ankle fracture, a mood disorder, and a personality disorder. However, after reviewing all of the evidence presented, the ALJ determined that as of May 1, 2009, Plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Tr. 14). The ALJ further found that beginning on May 1, 2009, Plaintiff retained the residual functional capacity (RFC) to:

---

[3] 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 1.06 A and B.

>perform sedentary work as defined in 20 CFR 404.1657(a) and 416.967(a) except he can occasionally lift 10 pounds and can frequently lift less than 10 pounds; and, can occasionally climb stairs, balance, crawl, kneel, stoop, and crouch. However, the claimant cannot climb ropes, ladders, or scaffolds; cannot perform work requiring exposure to unprotected heights or moving machinery; and cannot perform work requiring contact with the general public. Further, the claimant is limited to work where the complexity of tasks is learned and performed by rote, with few variables and little judgment required and where supervision required is simple, direct, and concrete.

(Tr. 17). With the help of vocational expert testimony, the ALJ found Plaintiff was able to perform work as a patcher. (Tr. 25).

Plaintiff appealed the decision of the ALJ to the Appeals Council and submitted additional medical evidence. Plaintiff's request for review of the hearing decision by the Appeals Council was denied on January 4, 2012. (Tr. 1-6). When the Appeals Council declined review, the ALJ's decision became the final action of the Commissioner. Plaintiff now seeks judicial review of that decision. (Doc. 1). Both parties have filed appeal briefs, and this case is before the undersigned for report and recommendation. (Docs. 7,8).

The Court has reviewed the entire transcript. The complete set of facts and arguments are presented in the parties' briefs, and are repeated here only to the extent necessary.

**II.    Applicable Law:**

Our review of an administrative decision to deny Social Security benefits is limited and deferential to the agency. See Ostronski v. Chater, 94 F.3d 413, 416 (8th Cir. 1996). If substantial evidence in the record as a whole supports the administrative decision, it must be affirmed. Id. Substantial evidence means more than a mere scintilla of evidence, it means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Richardson v. Perales, 402 U.S. 389, 401 (1971); Smith v. Shalala, 31 F.3d 715, 717 (8th Cir.

AO72A
(Rev. 8/82)

1994). In deciding whether the Commissioner's findings are supported by substantial evidence, the Court must base its decision on all of the evidence in the record and not just the evidence favorable to the Commissioner, Universal Camera Corp. v. National Labor Rel. Bd., 340 U.S. 474, 487-88 (1951), and must take into account whatever in the record fairly detracts from its weight. Robinson v. Sullivan, 956 F.2d 836, 838 (8th Cir. 1992). "It is not our task, however, to review the evidence and make an independent decision. If, after review, we find it possible to draw two inconsistent positions from the evidence and one of those positions represents the Commissioner's findings, we must affirm the denial of benefits." Ostronski, 94 F.3d 416-417 (quoting Mapes v. Chater, 82 F.3d 259, 262 (8th Cir. 1996)).

The initial, crucial question in a case such as this is whether the claimant's condition has improved since the prior award of disability benefits. Nelson v. Sullivan, 946 F.2d 1314, 1315 (8th Cir. 1991). "The claimant in a disability benefits case has a `continuing burden' to demonstrate that [he] is disabled, . . . and no inference is to be drawn from the fact that the individual has previously been granted benefits." Id. (internal citation omitted); 42 U.S.C. § 423(f). If a claimant meets this initial burden, the responsibility then shifts to the Commissioner to demonstrate that the claimant is not disabled. Id. (citing Lewis v. Heckler, 808 F.2d 1293, 1297 (8th Cir. 1987)). "If the government wishes to cut off benefits due to an improvement in the claimant's medical condition, it must demonstrate that the conditions which previously rendered the claimant disabled have ameliorated, and that the improvements in the physical

condition are related to claimant's ability to work." Nelson, 946 F.2d at 1315; 20 C.F.R. § 404.1594(b)(2)-(5).[4]

According to regulations promulgated by the Commissioner, "medical improvement" is defined as any decrease in the medical severity of an impairment which was present at the time of the most recent favorable medical decision that the individual was disabled or continued to be disabled. 20 C.F.R. § 404.1594(b)(1); Nelson, 946 F.2d at 1315-1316. A determination that there has been a decrease in medical severity must be based on changes in symptoms, signs, and/or laboratory findings associated with the impairment. Id. Medical improvement is related to the ability to do work if there has been a decrease in the severity of the impairment and an increase in the individual's ability to do basic work activities. Id. at § 404.1594(b)(3).

**III.   Discussion:**

When the Appeals Council has considered material new evidence and nonetheless declined review, the ALJ's decision becomes the final action of the Commissioner. The Court then has no jurisdiction to review the Appeals Council's action because it is a nonfinal agency action. See Browning v. Sullivan, 958 F.2d 817, 822 (8th Cir.1992). At this point, the Court's task is only to decide whether the ALJ's decision is supported by substantial evidence in the record as a whole, including the new evidence made part of the record by the Appeals Council that was not before the ALJ. As the United States Court of Appeals for the Eighth Circuit has

---

[4]Pursuant to the regulations, the Commissioner is required to follow specific steps in determining whether disability continues. The steps are: (1) Is the individual engaging in substantial gainful activity (SGA)? (2) Does the individual have an impairment which meets or equals the severity of an impairment listed in Appendix 1? (3) Has there been medical improvement? (4) If there has been medical improvement, is it related to the ability to work? (5) Do any exceptions to the medical improvement standard apply if there has not been a medical improvement or if the improvement is not related to the ability to work? (6) Does the individual have a severe impairment or combination of impairments? (7) Can the individual do past relevant work? (8) Can the individual do any other work? 20 C.F.R. § 404.1594(f).

noted, "this [is] a peculiar task for a reviewing court." Riley v. Shalala, 18 F.3d 619, 622 (8th Cir.1994). However, once it is clear that the Appeals Council considered the new evidence, then the Court must factor in the evidence and determine whether the ALJ's decision is still supported by substantial evidence. This requires the Court to speculate on how the ALJ would have weighed the newly submitted evidence had it been available at the initial hearing. Flynn v. Chater, 107 F.3d 617, 621 (8th Cir.1997). Thus, the Court has endeavored to perform this function with respect to the newly submitted evidence.

The new evidence submitted to the Appeals Council reflects Plaintiff's admission and treatment for a "suicide attempt" on June 9, 2011, at The Bridgeway. (Tr. 887-925). Plaintiff also submitted a mental RFC questionnaire completed by Dr. Janette McGaugh, the physician that treated Plaintiff while he was admitted at The Bridgeway, indicating that Plaintiff may have more severe mental limitations than previously indicated in the record. (Tr. 927-931). Had the ALJ had this medical evidence before him when making his decision on this case, the outcome may very well have been different. Accordingly, the Court believes that remand is necessary to allow the ALJ to consider this new and material evidence.

On remand, the ALJ is also directed to address interrogatories to either an examining or non-examining mental health professional, asking that psychiatrist/psychologist to review Plaintiff's medical records; to complete a mental RFC assessment regarding Plaintiff's capabilities during the time period in question; and to give the objective basis for the opinion so that an informed decision can be made regarding Plaintiff's ability to perform basic work activities on a sustained basis. With this evidence, the ALJ should then re-evaluate Plaintiff's

mental RFC, and specifically list in a hypothetical to a vocational expert any limitations that are indicated in the RFC assessments and supported by the evidence

IV.     **Conclusion:**

Based on the foregoing, the undersigned recommends reversing the decision of the ALJ and remanding this case to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g).  **The parties have fourteen days from receipt of our report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 6th day of June, 2013.

/s/ *Erin L. Setser*
HON. ERIN L. SETSER
UNITED STATES MAGISTRATE JUDGE

-7-